632 So.2d 675 (1994)
STATE of Florida, Appellant,
v.
C.S., a Child, Appellee.
No. 93-02498.
District Court of Appeal of Florida, Second District.
February 23, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
Stephen M. Grogoza, Torres & Grogoza, Naples, for appellee.
PARKER, Judge.
The State of Florida appeals the trial court's order granting a motion to suppress evidence seized from a vehicle. We reverse because we conclude that the trial court erred in finding that C.S.'s consent to search was not voluntary.
An officer lawfully stopped C.S. for driving a vehicle with inoperable taillights. The officer took C.S.'s license and registration back to the patrol car. Within three to five minutes the officer approached C.S.'s car and asked permission to search the vehicle. The officer advised C.S. that he was free to refuse consent or to stop the search. C.S. immediately said, "Yes, there is no problem with that." The officer searched underneath the driver's front seat and found an opened black leather bag containing a scale and baggies with marijuana residue and seeds inside. The officer also found a box of baggies in the trunk.
The trial court found based on the totality of the circumstances that the consent was not voluntary. The trial court enumerated the following factors which supported that holding: C.S. was being held there, without his license and car's registration, until the officer completed the citation; C.S.'s youth; and C.S. gave the consent spontaneously and without reflection.
The facts in this case are undisputed. This court, therefore, is in as good a position as the trial court to apply the law to the uncontested facts. See United States v. Valdez, 931 F.2d 1448 (11th Cir.1991).
The three factors which the trial court specified do weigh in favor of holding that the consent was not voluntary. We, however, conclude that the following factors weigh in favor of holding that the consent was voluntary: the initial stop was lawful; only one officer approached C.S.; the officer's weapon was not drawn; the officer advised C.S. that he had the right to refuse consent; and the officer made no threats or misrepresentations. Considering all of these factors, the state proved by clear and convincing evidence that C.S.'s consent was not the product of duress or coercion. We, therefore, reverse the trial court's order suppressing the evidence and remand this case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
HALL, A.C.J., and PATTERSON, J., concur.